UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TENNESSEE GAS PIPELINE COMPANY, L.L.C. PLAINTIFF

V. CIVIL ACTION NO. 3:26-CV-618-DPJ-ASH

1.275 ACRES IN HOLMES COUNTY, MISSISSIPPI, AND DILLON'S DENTAL SERVICE, LLC, A/K/A DILLON'S DENTAL LLC DEFENDANTS

# ORDER

Tennessee Gas Pipeline Company, L.L.C., filed this complaint for condemnation against 1.275 Acres in Holmes County, Mississippi, and Dillon's Dental Service, LLC, a/k/a Dillon's Dental LLC, on August 17, 2026. It subsequently moved for partial summary judgment and a preliminary injunction. According to the Complaint, the parcel of land at issue is wholly owned by Dillon's Dental Service, LLC. Compl. Ex. D [1-4].

Despite not being a party to the lawsuit, Dr. Jerry Dillon, describing himself as the "Landowner," filed an answer and a response to Plaintiff's partial-summary-judgment/preliminary-injunction motion on September 17, 2026. Because Dr. Dillon is not a party to the lawsuit, and because an entity like an LLC cannot appear pro se or through a non-attorney representative, the Court on September 21, 2026, entered an Order to Show Cause directing Dillon's to show cause on or before October 5, 2026, why Dr. Dillon's answer and response should not be struck for failure to bear the signature of an attorney admitted to practice in this Court. Order [9] at 2. The Order also directed Dillon's to "have an attorney enter an appearance on its behalf—or seek an extension of time within which to do so—on or before October 5, 2026." *Id.* The Order warned Dillon's that failure to comply "may result in the Court striking [Dr. Dillon's] filings with no further notice." *Id.*

On September 30, 2026, Dr. Dillon responded to the Court's Show-Cause Order. He disclaims an attempt to represent Dillon's and says he has appeared "to represent his personal interest" in the property. Resp. [15] at 1. He claims to be "the majority owner" of the parcel in question, *id.*, but the Quitclaim Deed he attaches to his response clearly shows the property was deeded to Dillon's Dental Services, LLC, Exs. [15-1] at 7.

Because Dr. Dillon agrees that he cannot—and does not wish to—represent Dillon's, and because Dr. Dillon is not a party to this lawsuit, the Court strikes the answer [7] and response [8] he filed. If Dillon's—which remains a party to this case—wishes to participate and defend itself, it must cause counsel to appear on its behalf and seek leave to file an out-of-time answer.

**SO ORDERED AND ADJUDGED** this the 19th day of October, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE